James Clyde BALLINGER, Plaintiff-Appellee,

v.

The I. V. SUTPHIN COMPANY, ATLANTA, INC., Defendant-Appellant.

No. 15511.

United States Court of Appeals
Sixth Circuit.

June 1, 1964.

H. H. McCampbell, Jr., Knoxville, Tenn. (Green, Webb & McCampbell, Knoxville, Tenn., of counsel), for appellant.

Charles D. Mounger, Jr., Knoxville, and Dexter A. Christenberry, Knoxville, Tenn. (Christenberry & Johnson, Knoxville, Tenn., of counsel), for appellee.

Before MILLER, CECIL and EDWARDS, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The plaintiff, James Clyde Ballinger, brought this action in the District Court to recover damages for personal injuries sustained by him by reason of a fall, resulting in a fractured hip. The jury returned a verdict in his favor against the defendant-appellant, The I. V. Sutphin Company, Atlanta, Inc., for $35,000.00. On motion for a new trial, the District Judge suggested a remittitur reducing the amount to $26,000.00, which was accepted by the plaintiff, the motion for a new trial being then overruled.

The plaintiff was at the time of the accident a demurrage clerk for the Southeastern Demurrage Bureau, an agency of the Southern Railroad and other railroads, whose duties consisted of walking the rights of way of the railroad and sidings for the purpose of checking freight cars in the possession of consignees and consignors to determine the condition of the cars on the sidings, ascertaining whether they were loaded or empty, and determining whether demurrage charges were due by consignees and consignors for prolonged possession of the cars. There was a railroad siding on the premises of the defendant. The defendant was a consignor and had a boxcar on its siding. During the night prior to the morning when the plaintiff fell, it had rained. The railroad right of way and adjacent sidings, which were not covered with ballast, were muddy in places. At the time of the fall the plaintiff was inspecting the boxcar on defendant's siding. The door on the side of the car facing the main line was closed, which prevented the plaintiff from seeing the inside of the boxcar. As he was walking towards the end of the car so as to get on the other side of the car he slipped and fell, suffering a fractured hip. The plaintiff had been employed as a demurrage inspector for twenty years and four months and was familiar with the general area in which he had worked for the past seventeen years.

At the close of the plaintiff's evidence the defendant moved for a directed verdict, which the District Judge overruled. The motion was renewed at the close of all the evidence and again overruled by the District Judge, who submitted the case to the jury. In support of its motion for a directed verdict the defendant contended that the plaintiff was a licensee, who used the premises as he found them, with no liability on the part of the defendant for plaintiff's injuries. In the alternative, it contended, (1) that if the plaintiff was an invitee instead of a licensee, there was no evidence of negligence on the part of the defendant, and (2) that the plaintiff was guilty of contributory negligence as a matter of law.

On this appeal no contention is made that the evidence was insufficient to take the case to the jury on the issue of the defendant's negligence, making it unnecessary to review the evidence on that issue. The defendant contends that the District Judge erred in ruling as a matter of law that the plaintiff was an invitee instead of a licensee, and that, in any event, the District Judge should have directed a verdict for the defendant for the reason that plaintiff was contributorily negligent as a matter of law.

■■ We are of the opinion that the District Judge correctly ruled as a matter of law that the plaintiff was an invitee rather than a licensee. Tennessee law is controlling. In Chattanooga Warehouse & Cold Storage Co. v. Anderson, 141 Tenn. 288, 210 S.W. 153, the Supreme Court of Tennessee cited with approval the general rule as stated by the United States Supreme Court in Bennett v. Louisville & N. Railroad Co., 102 U.S. 577, 26 L.Ed. 235, as follows: "When one expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit." It also cited with approval the following definition stated in Shearman & Redfield on Negligence, 6th Edition, Section 706: "Invitation by the owner or occupant is

implied by law, where the person going on the premises does so in the interest or for the benefit, real or supposed, of such owner or occupant, or in the matter of mutual interest, or in the usual course of business, or where the person injured is present in the performance of duty, official or otherwise." Although in that case the injured person did not qualify as an invitee because he had gone into a part of the premises where he was not permitted to be, the rule as there stated appears to be the applicable Tennessee law. The general rule is also briefly stated as follows in Section 332, Restatement, Torts-Negligence: "A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them."

The plaintiff qualified under the facts of this case as a business visitor or invitee, to whom the defendant owed a duty of ordinary care in keeping the premises reasonably safe for the plaintiff in the performance of his duties arising out of the relationship between the defendant and the carrier. See: Cudahy Packing Co. v. McBride, 92 F.2d 737, 739–740, C.A.8th, cert. denied, 303 U.S. 639, 58 S.Ct. 526, 82 L.Ed. 1099; Robey v. Keller, 114 F.2d 790, 795, C.A.4th; 65 C.J.S. Negligence, § 43(4) a, and cases cited in Note 68.

On the issue of contributory negligence, the defendant relies strongly upon Manes v. Hines & McNair Hotels, Inc., 184 Tenn. 210, 197 S.W.2d 889, and Harper v. American Nat. Bank & Trust Co., 193 Tenn. 617, 249 S.W.2d 583. In each of these cases the evidence showed without contradiction that the plaintiff was very familiar with the defective condition which caused the fall. In each case the Court ruled that the plaintiff was guilty of contributory negligence as a matter of law, which barred recovery. But, as pointed out by this Court in City of Knoxville, Tenn. v. Bailey, 222 F.2d 520, 529, C.A.6th, in which defendant's reliance upon the Harper case was not sustained, each case must be considered on its own facts and that "It is a strong-arm function to be exercised sparingly and only upon the plainest showing of compulsion in the interest of substantial justice for an appellate court to assert, after a verdict has been rendered by a jury and upheld by the trial judge who also saw and heard the witnesses, that reasonable minds could not have reached the conclusion which the twelve jurors and the trial judge reached."

This Court also discussed the Manes case and the Harper case in City Specialty Stores v. Bonner, 252 F.2d 501, 504, C.A.6th, and upheld the ruling of the District Judge in overruling the defendant's motion for a directed verdict based on the contention that plaintiff's familiarity with the defective condition of the property made her guilty of contributory negligence as a matter of law. We pointed out in the opinion in that case that mere knowledge of the physical characteristics of a situation is not the only factor to be considered, and that the character of action or inaction in relation to the appreciation of the peril, which a person of ordinary prudence could be expected to have in the situation, is also a factor to be considered.

In the present case the plaintiff knew that it had rained the night before and that the ground was muddy in places by reason thereof. In other places, where drainage was better, the condition wasn't muddy. He wore overshoes to assist him in the performance of his duties. The plaintiff testified that he had worked in the mud on many occasions because it was mandatory that he make the inspection and know the condition of the cars, that he was cautious and had no idea of falling, but his left foot slipped out from under him and he fell. The evidence also showed through the testimony of two of the defendant's representatives that in certain spots there was "something green-like," that it "sort of looked like green moss," that it was "mighty slick," that it was "slick, green moss," that "it had formed green moss when water had come down there and stood," and that "It was awfully slick in there." We are not

referred to any evidence showing that the plaintiff knew of this slick, mossy condition of certain spots in the area, which apparently created a more hazardous condition than the often encountered mud.

 We are of the opinion that it was not error for the District Judge to submit the question of contributory negligence to the jury.

The judgment is affirmed.