Kenneth Jerry NUNLEY, Plaintiff-Appellant,

v.

PETTWAY OIL COMPANY, Defendant-Appellee.

No. 15951.

United States Court of Appeals Sixth Circuit.

May 27, 1965.

Harry Berke, Chattanooga, Tenn., for appellant, Berke & Berke, Ben E. Caldwell, Chattanooga, Tenn., on the brief.

Thornton Strang, Chattanooga, Tenn., for appellee, Stuart E. Duncan, Chattanooga, Tenn., on the brief, Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn., of counsel.

Before MILLER, PHILLIPS and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

This is a diversity case. Plaintiff was injured by a truck which fell off a grease rack in a gas station. There were two defendants. The first was the operator of the station, one Owens, as to whom a verdict and judgment of $25,000 was entered and not disturbed on motion for judgment *non obstante veredicto*. The second was the owner of the gas station, defendant-appellee herein, Pettway Oil Company, as to whom the $25,000 verdict also applied. The trial judge, however, granted a motion for judgment n. o. v. as to defendant Pettway because of the jury's answer to a special interrogatory. In answering this question the jury found plaintiff to have been a licensee rather than an invitee at the time of the accident.

On this appeal plaintiff-appellant contends that plaintiff was an invitee as a matter of law. Alternatively he contends that the licensee-invitee question was at least a jury question and that the trial judge actually decided it against him by an instruction to the jury given when the jury was in doubt during its deliberations.

Appellee Pettway contends that plaintiff at the time of the accident was a licensee as a matter of law and that no gross or willful negligence being shown as to defendant Pettway, the judgment n. o. v. should be affirmed. Alternatively defendant Pettway claims that the judge's instruction was proper judicial comment on the evidence and that the jury answer on this question mandated the judgment n. o. v. as to defendant Pettway.

Thus the facts pertaining to the licensee-invitee issue are crucial to our decision.

Plaintiff was a regular truck driver for one Gibson who operated eight trucks off a lot behind defendant's gas station. Gibson purchased his gas and oil from defendant Owens and his employees frequented the gas station to get telephone orders in relation to their work. Sometimes there was work for Gibson's trucks on Saturday and it was the practice for men who wanted to work that day to report to the gas station to see whether any work was available. In addition, it is conceded that from time to time plaintiff was employed as an extra by defendant Owens for Saturday work in the gas station changing oil on cars and trucks.

■ These facts, however, are not controlling in this case because it is conceded that when plaintiff reported to the gas station on the Saturday in question, he learned "There was nothing to do." Thus, under Tennessee law, plaintiff could not be held to be an invitee as a matter of law simply because he was an employee on premises where he had both a right and a duty to be in the course of his employment. Westborne Coal Company v. Willoughby, 133 Tenn. 257, 180 S.W. 322 (1915). Cf. Ballinger v. I. V. Sutphin Company, Atlanta, Inc., 332 F.2d 436 (C.A.6, 1964).

Even though the employment relationships referred to above did not make plaintiff an invitee as a matter of law, under the circumstances of this case, they are background facts which the jury could consider along with the facts, recited below, upon which plaintiff principally relies in asserting that he was an invitee.

Plaintiff was a customer of the gas station owned by defendant Pettway and leased and operated by defendant Owens. He testified that he bought gas, oil, and repair parts there. He also testified that on the Saturday in question, he decided to fix the starter on his car and intended to purchase the parts found to be needed from defendant Owens. In pursuance of

this plan, and obviously with full knowledge of Owens and his employees, plaintiff took his starter into a work area immediately forward of and below the grease rack on which a truck was elevated. He was injured when the truck rolled forward off the grease rack. Plaintiff claimed that this could only have occurred as a result of defendant Pettway's negligent maintenance of the grease rack. And on this issue we review a jury verdict against appellee and favorable to plaintiff.

■ Recently in another Tennessee diversity case, this court recited the applicable principles of Tennessee law thus:

"Tennessee law is controlling. In Chattanooga Warehouse & Cold Storage Co. v. Anderson, 141 Tenn. 288, 210 S.W. 153, the Supreme Court of Tennessee cited with approval the general rule as stated by the United States Supreme Court in Bennett v. Louisville & N. Railroad Co., 102 U.S. 577, 26 L.Ed. 235, as follows: 'When one expressly or by implication invites others to come upon his premises, whether for business or for any other purpose, it is his duty to be reasonably sure that he is not inviting them into danger, and to that end he must exercise ordinary care and prudence to render the premises reasonably safe for the visit.' It also cited with approval the following definition stated in Shearman & Redfield on Negligence, 6th Edition, Section 706: 'Invitation by the owner or occupant is implied by law, where the person going on the premises does so in the interest or for the benefit, real or supposed, of such owner or occupant, or in the matter of mutual interest, or in the usual course of business, or where the person injured is present in the performance of duty, official or otherwise.' Although in that case the injured person did not qualify as an invitee because he had gone into a part of the premises where he was not permitted to be, the rule as there stated appears to be the applicable Tennessee law. The general rule is also briefly stated as follows in Section 332, Restatement, Torts-Negligence: 'A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them.'" Ballinger v. The I. V. Sutphin Company, Atlanta, Inc., supra, at 437–438.

■ We think the trial judge was right on the facts we have recited in considering the licensee-invitee question a question of fact for the jury and in submitting it to them.

The remaining question on this appeal is whether the trial judge's final instruction to the jury on this issue was proper judicial comment as defendant-appellee asserts, or in effect an instructed verdict, as plaintiff-appellant claims.

After the jury had retired to consider its verdict, the following occurred:

"The Court: Ladies and gentlemen, have you reached a verdict in the case?

"Foreman: We have not reached a verdict on the first point but have reached a verdict on the other three points.

"The Court: Let's take a brief recess while I see counsel in chambers.

"Recess

"The Court: Ladies and gentlemen, if the Court should receive your verdict without all issues having been decided, it may be necessary to declare a mistrial in this case or it may not be necessary. The Court is not in position to say at this time whether it would or would not be necessary to declare a mistrial as a result of one issue not being answered. At any rate, if the Court should have to declare a mistrial of course it would mean that this case would have to be tried over again and we would have to bring back 12 other

men and women and hear the same evidence, the same charge of the Court, and then ask them to resolve the same issue that you are now asked to resolve. There is no reason to believe that we would ever get a more intelligent jury, a jury that is more devoted to the resolving of this issue, there is no reason to believe that the issue can be presented any more intelligently or any more understandably to any other jury. This jury, in other words, it would appear to the Court is just as capable of deciding this problem on the basis of the record now before it as any jury will ever be. Therefore, I think it is proper and appropriate that I should ask you to consider some further, I want to try to help you with this problem, however, Consider some further your verdict, I'm sure you can understand and appreciate the trial of these lawsuits is expensive, it is expensive to your government, it is expensive to the parties in the case, and it would be, I am sure it is understandable to you, it would be expensive to have to try the case all over again. And that too is the reason why I feel justified in asking that you consider some further your verdict. ·

"Now, the jury of course is the sole and exclusive judge of the facts in this lawsuit. It is appropriate that the Court in an effort to be possibly of some help to the jury may comment upon the evidence. I refrain from doing that and have refrained until this time from doing it in this case. However, in an effort to be of some possible assistance to you I think that I should under these circumstances make some comment upon the evidence upon this issue of invitee-licensee. I want you to understand, however, that in making these comments that you are not in any degree, in any respect, obligated to receive or accept or agree with what I may say. It is your duty to accept what I say with regard to the law in the case, but it is not your duty to accept any comment that I may make or any evaluation that I may make or conclusion that I might reach on the evidence. That is solely ·your responsibility and solely your duty. *But, with that understanding, it is the opinion of the Court in this case that, from all the evidence upon the issue of invitee or licensee, that the evidence will establish that at the time and place of the accident the plaintiff was a licensee and not an invitee.* Now, I say that just for the purpose, as I say, of possibly being of some help to you, but I want you to understand that in making that comment you are not obligated whatsoever to accept that comment as your comment or as your opinion in the case, because it is your job and your responsibility to resolve that issue. I only make that with the thought and the hope that it may be of some possible assistance to you. At any rate, I want to ask you once again to retire and consider your verdict and see if you cannot come to some agreement, some verdict that will reflect the views of all of the jurors. Have respect for the views of your fellow jurors. If you find there are jurors that have different views from you, don't hesitate to change your mind if you should be persuaded by reason and logic to accept a different view. Attempt if you can in good conscience to arrive at a unanimous verdict. After you have considered the views of all others you shouldn't give up a firm conviction that you have just for the purpose of arriving at a unanimous verdict, but see if you cannot resolve this issue. Make one more effort, . please.

"Jury retires to jury room." (Emphasis added.)

Very shortly after this instruction the jury answered the first question by finding plaintiff to have been a licensee. The jury then returned verdicts of liability

and a finding of $25,000 damages against both defendants.

 We recognize that the right of a District Judge to comment on the evidence is firmly established in the federal system. See Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933), and cases recited therein. We do not seek narrowly to confine this right when it is used to inform the jury as to problems which they must consider.

We also recognize that the District Judge was motivated by a laudable desire to prevent a mistrial and that he clearly told the jury that it had the ultimate right to decide the issue concerned.

Nonetheless, we believe that under the circumstances enumerated, the trial judge's opinion on the licensee-invitee issue was an opinion on an ultimate fact question peculiarly for jury consideration and amounted to an instructed verdict as to defendant Pettway Oil Company.

In Quercia v. United States, supra, Chief Justice Hughes commented:

"This privilege of the judge to comment on the facts has its inherent limitations. His discretion is not arbitrary and uncontrolled, but judicial, to be exercised in conformity with the standards governing the judicial office. In commenting upon testimony he may not assume the role of a witness. He may analyze and dissect the evidence, but he may not either distort it or add to it. His privilege of comment in order to give appropriate assistance to the jury is too important to be left without safeguards against abuses.

\* \* \* \* \* \*

"Nor do we think that the error was cured by the statement of the trial judge that his opinion of the evidence was not binding on the jury and that if they did not agree with it they should find the defendant not guilty. His definite and concrete assertion of fact, which he had made with all the persuasiveness of judicial utterance, as to the basis of his opinion, was not withdrawn. \* \* "

Quercia v. United States, supra, at 470, 472, 53 S.Ct. at 699, 700.

See also Virginia Ry. Co. v. Armentrout, 166 F.2d 400, 4 A.L.R.2d 1064 (C.A.4, 1948).

We believe the trial judge's comment on the licensee-invitee issue went beyond the limits of judicial comment and invaded the ultimate fact finding function of the jury.

Reversed and remanded for new trial as to defendant Pettway Oil Company.