**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Donald Hugh HALL,**
**Defendant-Appellant.**

**No. 76–1140.**

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1977.

Rehearing Denied April 12, 1977.

Craig Mehrens, Phoenix, Ariz., argued, Mehrens & Pearce, Phoenix, Ariz., for defendant-appellant.

Michael B. Scott, Asst. U. S. Atty., Phoenix, Ariz., Thomas N. Crowe, Asst. U. S. Atty., argued, Phoenix, Ariz., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and BURNS,* District Judge.

WALLACE, Circuit Judge:

Hall was convicted of three counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b). Hall claims that the district judge improperly defined cocaine to the jury and refused to instruct the jury on his theory of the case. He also claims that the district judge erred in denying his motion for judgment of acquittal. We affirm.

I

Hall's challenges to the guilty verdict are based upon one central contention: The substance which he sold to government agents was not properly proven to be cocaine. Under federal narcotics law, cocaine is defined as:

> Coca leaves (9040) and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine (9041) or ecgonine (9180).

21 C.F.R. § 1308.12, Schedule II(b)(4); *see* 21 U.S.C. § 812(a) and (c), Schedule II(a)(4). Thus it was necessary for the government to prove that the substance which Hall sold was either "natural" cocaine, derived from coca leaves, or a chemical equivalent thereof.

The government's expert witness, Medina, testified that he had performed various tests and concluded that "cocaine was detected in the exhibits submitted." On cross-examination, Medina stated that cocaine, like most organic compounds, has many "isomers." Isomers are two or more compounds which have the same molecular formula but different molecular structures. The variations in structure may give rise to different chemical characteristics. Medina testified that he had not tested the substance to determine whether it consisted of

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

the "levo" isomer of cocaine (l-cocaine) or the "dextro" isomer (d-cocaine). L-cocaine is "natural" cocaine, a drug derived from the coca leaf, whereas d-cocaine is a chemically synthesized compound. Although use of a polarimeter would have distinguished between the two isomers, Medina did not employ the device, nor did he conduct any of the other tests which could have been used in order to make the distinction.

Having thus sought to cast doubt on the government's proof that the substance was natural cocaine, Hall called his sole witness, Shapiro, to testify concerning the properties of the two isomers. Shapiro testified that d-cocaine is not the chemical equivalent to l-cocaine and that d-cocaine would have a different physiological effect on the human body than l-cocaine. Prior to this testimony, Medina had also discussed the properties of the two isomers, stating that they "would behave chemically equivalent [sic] . . . except for the rotation of the polarized light . . . in the polarimeter." Thus, both witnesses indicated that there were some differences between the two isomers, although there was an apparent conflict as to whether there was a chemical equivalency.

## II

■ Hall contends that the court erred in refusing to give a requested instruction concerning his theory of the case.[1] While it is true that a defendant is entitled to an instruction on his theory of the case if it is supported by law and has some foundation in the evidence, *United States v. Noah*, 475 F.2d 688, 697 (9th Cir.), *cert. denied*, 414 U.S. 821, 1095, 94 S.Ct. 119, 38 L.Ed.2d 54

(1973); *United States v. Shewfelt*, 455 F.2d 836, 838 (9th Cir.), *cert. denied*, 406 U.S. 944, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972), the court is not required to accept a proposed instruction which is manifestly intended to influence the jury towards accepting the evidence of the defendant as against that of the prosecution. *See United States v. Wayman*, 510 F.2d 1020, 1026–27 (5th Cir.), *cert. denied*, 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). Here the requested instruction was argumentative. There was a question of fact whether the two isomers were chemically equivalent within the congressional meaning of this term.[2] Where the evidence raises a factual issue, an instruction dictating the result invades the ultimate fact-finding role of the jury. *See Travelers Ins. Co. v. Ryan*, 416 F.2d 362, 364 (5th Cir. 1969); *Nunley v. Pettway Oil Co.*, 346 F.2d 95, 99 (6th Cir. 1965). Thus, the district judge committed no error in rejecting it.

■ Also, the district judge properly instructed the jury on this issue. After reading the indictment and enumerating the elements of the offense, he stated:

Now, cocaine is coca leaves, and any salt, compound, derivative or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances.

So it's a jury question in this case whether the substance is—you have to decide whether the substance is, one, either chemically equivalent to cocaine or whether the substance here is, in fact, the natural substance or derivative of the coca leaf.

The law does not prohibit distribution of isomers of cocaine which are not the natural product of the coca leaf or its equivalent. The Government must prove to you beyond reasonable doubt that Donald Hall distributed that cocaine which is specifically prohibited by law.

Defendant's Requested Instruction No. Two.

1. Hall requested the following instruction:

   *Defendant's Theory of the Case.* The United States statute only prohibits cocaine or its chemical equivalent, which is derived from the coca leaf. Cocaine has many isomers. One isomer is known as l–cocaine or (–)–cocaine. The l–cocaine or (–)–cocaine is an isomer that is the natural product from the coca leaf.

   Another isomer of cocaine is d–cocaine or (+)–cocaine. It is not a natural product from the coca leaf nor is it a chemical equivalent.

2. Because the issue was not raised at trial nor brought before us on appeal, we do not decide whether an instruction on the definition of "chemically equivalent" should have been given.

Now, if you find the substance is chemically equivalent to cocaine or that it is, in fact, cocaine or a derivative thereof, then the substance here is violative of the law.

In this instruction, the district judge pointed out that a conviction must rest on a determination that the substance in question was cocaine which was "violative of the law." His definition of cocaine closely tracked the statute. This was sufficient to charge the jury with the responsibility to decide whether the substance was indeed "illegal" cocaine. Thus the court's instruction adequately covered the substance of the instruction requested by Hall.

Hall contends, however, that the either/or statement in the court's instruction was erroneous in that it precluded a finding by the jury that the substance may have been something other than "illegal" cocaine. Viewing the instruction in its entirety, there was no error. The very next sentence after the either/or statement is couched as an if/then proposition—*if* the substance is natural cocaine derived from coca leaves or a chemical equivalent, *then* the substance is violative of the law. This makes it clear that the jury had a real choice in determining whether the substance was illegal.

### III

 Hall also alleges that because of the government's failure of proof, the district judge should have granted his motion for judgment of acquittal at the close of the evidence. In reviewing a denial of a motion for acquittal, we must inquire whether the evidence, considered most favorably to the government, was such as to permit a rational conclusion by the jury that the accused was guilty beyond a reasonable doubt. *United States v. Nelson,* 419 F.2d 1237, 1242 (9th Cir. 1969). It is not necessary for the evidence to exclude "every hypothesis but that of guilt." *Id.* at 1242–45.

In this case, while the evidence does not definitively exclude the possibility that the substance sold by Hall was not natural cocaine or its chemical equivalent, there was sufficient evidence for the question to go to the jury. Medina testified that his tests indicated that the substance was cocaine. In addition, while Medina's tests could not distinguish between the isomers of cocaine, there was extensive circumstantial evidence showing that the substance was natural cocaine derived from coca leaves (l-cocaine) rather than d-cocaine. The government presented evidence that d-cocaine was difficult and expensive to make. More importantly, the experts had never actually found a specimen of d-cocaine. Finally, d-cocaine could be synthesized anywhere, according to the experts, yet instead of basing his operations in the interior United States, there was evidence that Hall was engaged in a smuggling operation to bring drugs into the United States from Mexico. This evidence, with reasonable inferences drawn therefrom, is more than adequate to permit a rational conclusion by the jury that the substance sold by Hall was, beyond a reasonable doubt, cocaine. The motion for judgment of acquittal was therefore properly denied.

AFFIRMED.