UNITED STATES of America, Appellee,

v.

Eugene John DAVIS, Appellant.

No. 78-2026.

United States Court of Appeals,
Ninth Circuit.

May 29, 1979.

Tom O'Toole, Susan G. Wintermute, Tucson, Ariz., for appellant.

Christopher L. Pickrell, Eugene R. Bracamonte, Asst. U. S. Attys., Tucson, Ariz., for appellee.

Before ELY and TRASK, Circuit Judges, and FITZGERALD,* District Judge.

ELY, Circuit Judge:

Davis was convicted of illegally importing into the United States from Mexico 79 pieces of pre-Columbian statuary concealed in his automobile without, as required by

* Honorable James M. Fitzgerald, United States District Judge, District of Alaska, sitting by designation.

law,[1] presenting and declaring that merchandise to customs agents for inspection at the border. 18 U.S.C. § 545 [second paragraph].[2]

### I.

Davis admitted knowing that the artifacts were packed tightly in his station wagon under the rear seat and in the spare tire wheel well. He also admits the intent on his part to import the statuary. His major defense· is that he did not intend to fail to declare the statuary at the border. He argues that customs agents at the border distracted him before he had a chance to present the statuary, and, that if he had been given the opportunity to declare the items, or if he had been specifically requested to do so, he would have complied with his statutory duty to present and declare the merchandise.[3]

Davis contends that the District Court erred in not presenting his requested jury instruction, advising the jury of the requirement of specific intent.[4] Davis also claims that the District Court erred in refusing to instruct the jury that the prosecution, as a part of its case, must have proved that Davis was given an adequate time to declare the hidden statuary. We affirm.

### II.

■ The District Court instructed the jury on the elements of the § 545 offense as follows:

An act is done knowingly if it is done voluntarily and intentionally and not because of mistake or inadvertence or accident or other innocent reason.

Three elements are required to be proved beyond a reasonable doubt in order to establish the offense charged in the indictment:

1. That the merchandise was imported into the United States from Mexico as charged;

2. That this importation was contrary to law; and,

3. That the defendant knowingly accomplished the importation.

The instruction proposed by Davis, in effect, would have added to the third element of the trial court's instruction the words: "with the specific intent to defraud the United States Government."

---

1. The statutory duty to declare merchandise for inspection upon entry into the United States is found within 19 U.S.C. § 1461, which provides in pertinent part:

    All merchandise and baggage imported or brought in from any contiguous country . . shall be unladen in the presence of and be inspected by a customs officer at the first port of entry at which the same shall arrive . . . .

2. 18 U.S.C. § 545 [second paragraph] provides:

    Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

    Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

3. Davis does not argue that he lacked knowledge of his duty to declare any merchandise he brought across the border. Rather, he asserts that he lacked the specific intent not to declare.

4. Davis requested the District Court to instruct the jury as follows:

    NUMBER 2

    Three essential elements are required to be proven by the government beyond a reasonable doubt in order to establish the offense of smuggling:

    First, that Mr. Davis committed the physical act of importation;

    Second, that the importation was contrary to law; and

    Third, that it was done knowingly and with the specific intent to defraud the United States Government.

    NUMBER 3

    An omission or a failure to act is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

    The purpose of adding the word "knowingly" is to insure that no one will be convicted because of an omission, or failure to act, due to mistake, or accident, or other innocent reason.

    As stated before, with respect to an offense such as charged in this case, specific intent must be proved beyond reasonable doubt before there can be a conviction.

The District Court correctly refused to instruct the jury in the manner requested by Davis. The second paragraph of § 545 under which Davis was charged is written in the disjunctive, requiring proof that an accused either "knowingly" *or* "fraudulently" import merchandise in violation of the law. Davis, on the other hand, proposed an instruction written conjunctively, "knowingly *and* with specific intent to defraud." By its own clear terms, § 545 [second paragraph] does not require proof of both a knowing and fraudulent element.

The requested instruction apparently reads into the offense charged under the second paragraph of § 545 an element expressly included within the first paragraph of that statute.[5] We have recognized that the two paragraphs of § 545 set forth two separate offenses. *Olais-Castro v. United States,* 416 F.2d 1155, 1157–1158 (9th Cir. 1969). The prosecution was not required to prove as an element of an offense charged under § 545 [second paragraph] that Davis specifically intended to defraud the Government. *Id.* at 1158.

Furthermore, we note that the District Court did instruct the jury as follows:

To constitute the crime charged in the indictment there must be the joint operation of two essential elements, the omission of a duty required by law, and an intent to omit that duty.

By this language the trial court plainly informed the jury that it should not convict Davis unless it found he not only failed to declare the statuary, as required by 19 U.S.C. § 1461, but that he also must have intended to omit that duty, a duty that is lawfully imposed.

Upon Davis was the burden to unladen the hidden statuary for inspection in the presence of a customs officer at the Nogales, Arizona, port of entry. 19 U.S.C. § 1461. We have held that § 1461 places upon the importer the obligation to stop and declare items intended for importation. *See United States v. Mirenda,* 443 F.2d 1351, 1356–57 (9th Cir. 1971) (conviction upheld for "knowingly, with intent to defraud the United States, import[ing] or bring[ing] into the United States marihuana contrary to law . . .," in violation of 21 U.S.C. § 176a, despite fact that customs agents waved defendants' vehicle through two inspection posts without conducting an inspection). The District Court properly instructed the jury as to the elements of the § 545 offense.

### III.

Davis also contends that the District Court erred in refusing to submit a requested instruction on his theory of the case.[6] It is reversible error to fail to instruct as to a defendant's defensive theory if the record contains evidentiary support for the theory and the theory is supported by law. *United States v. Noah,* 475 F.2d 688, 697 (9th Cir. 1973), *cert. denied,* 414 U.S. 821, 94 S.Ct. 119, 38 L.Ed.2d 54 (1973). Yet, it is not required that a jury be instructed in line with the chosen words of the accused. *United States v. Collom,* —— F.2d ——, slip op. 1862 (9th Cir. 1978).

We have concluded that the District Court adequately instructed the jury as to Davis' theory of the case. That defensive theory was encompassed within the court's definition of the *"knowingly"* element of § 545 [second paragraph]:

---

5. The first paragraph of 18 U.S.C. § 545 reads:

Whoever knowingly and willfully, *with intent to defraud the United States,* smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the custom-house any false, forged, or fraudulent invoice, or other document or paper . . .

Shall be fined not more than $10,000 or imprisoned not more than five years, or both. (Emphasis added.)

6. Davis' requested instruction reads as follows:

It is Mr. Davis's position that he was not given an adequate opportunity to fully declare the statuary; that he would have declared the statuary along with all other declarable items if he had been allowed to do so. If you, the jury, find that there is reasonable doubt in the government's case as to whether in fact Mr. Davis was given an opportunity to fully declare everything, then it is your duty to find him not guilty.

An act is done knowingly if it is done voluntarily and intentionally and not because of mistake or inadvertence or accident or other innocent reason.

Davis would have us require that the District Court must have set out Davis defense in narrative form. This, we decline to do. A trial judge may refuse an instruction if its language gives undue emphasis to defendant's version of the facts rather than being "a statement of appropriate principles of [the] law for the jury to apply to the facts," (*United States v. Nevitt,* 563 F.2d 406, 409 (9th Cir. 1977)) or if it would tend to influence the jury towards accepting the defendant's version of the facts. *United States v. Hall,* 552 F.2d 273, 275 (9th Cir. 1977). The District Court committed no error in rejecting Davis' proposed instruction.[7]

AFFIRMED.

---

**7.** We note, incidentally, that Davis was given ample opportunity to testify, both on direct and cross-examination, in support of his contention that he was not given an adequate opportunity fully to declare the statuary. Moreover, his theory of the case was forcefully argued by his counsel in great detail during closing argument. The jurors, as they were free to do, chose to believe the testimony of the customs officers that approximately ten to fifteen minutes elapsed between the time when Davis was directed to the secondary inspection station and the time when the items were found in his vehicle.