**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ramon PEREZ–DIAZ, Defendant— Appellant.**

**No. 04–50617.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2006.

Filed Feb. 24, 2006.

U.S. Attorneys Office, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Adam M. Ruben, Esq., Jami L. Ferrara, Esq., Law Offices of Jami L. Ferrara, San Diego, CA, for Defendant–Appellant.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

MEMORANDUM *

Defendant Ramon Perez–Diaz appeals his jury conviction for importation of, and possession with intent to distribute, methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960, and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Perez–Diaz's conviction, vacate his sentence, and remand for re-sentencing.

The district court properly admitted the methamphetamine. Perez–Diaz failed to demonstrate that the search at the border in which the Inspector discovered the methamphetamine resulted in any damage to, or destruction of, his truck.[1] In addition, the district court was well within its discretion in refusing to give the proposed "theory of defense" jury instruction in its entirety.[2] The second sentence of the instruction proposed by the defense was argumentative and assumed the existence of Julio and his alleged role, issues about

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Flores–Montano,* 541 U.S. 149, 155–56, 124 S.Ct. 1582, 158 L.Ed.2d 311 (2004); *see United States v. Bennett,* 363 F.3d 947, 951 (9th Cir.), *cert. denied,* 543 U.S. 950, 125 S.Ct. 363, 160 L.Ed.2d 268 (2004); *Unit-*

ed States v. Camacho, 368 F.3d 1182, 1183 (9th Cir.2004) (reviewing de novo the district court's denial of a motion to suppress evidence).

2. *See United States v. Shipsey,* 363 F.3d 962, 966 n. 3 (9th Cir.2004) (reviewing the district court's formulation of jury instructions for abuse of discretion).

which questions of fact existed.[3] The first sentence of the proposed instruction, which the judge adopted, adequately covered Perez–Diaz's theory of defense—that he unknowingly transported methamphetamine in his truck.[4]

Regarding Perez–Diaz's sentencing, the district court correctly denied his application for a "safety valve" reduction pursuant to USSG § 5C1.2 and 18 U.S.C. § 3553(f). Perez–Diaz did not satisfy his burden to show entitlement to a safety valve reduction.[5] The district court also did not err by denying Perez–Diaz's application for a minor role adjustment under USSG § 3B1.2 because Perez–Diaz failed to show that he was "substantially" less culpable than Julio.[6]

Perez–Diaz preserved his claim that his sentence violated *United States v. Booker*[7] by challenging the jury verdict form. Accordingly, we vacate Perez–Diaz's sentence and remand for re-sentencing consistent with *Booker*.[8]

**Conviction AFFIRMED; Sentence VACATED AND REMANDED.**

---

**3.** *United States v. Parker,* 991 F.2d 1493, 1497 (9th Cir.1993); *United States v. Hall,* 552 F.2d 273, 275 (9th Cir.1977).

**4.** *See Parker,* 991 F.2d at 1497; *Hall,* 552 F.2d at 275–76.

**5.** *See* USSG § 5C1.2; 18 U.S.C. § 3553(f); *United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996).

**6.** *See United States v. Johnson,* 297 F.3d 845, 874 (9th Cir.2002).

**7.** 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**8.** *See United States v. Kortgaard,* 425 F.3d 602, 611 (9th Cir.2005).

