MEMORANDUM **
Techlink, Inc. appeals the district court’s partial grant of summary judgment to Grays Harbor Public Development Authority as to damages, and a jury verdict in favor of Grays Harbor on Techlink’s breach of contract claim. We affirm. Because the parties are familiar with the facts and procedural history of this case, we need not recount it here. We review the grant of summary judgment de novo. MetroPCS, Inc. v. City and County of San Francisco, 400 F.3d 715, 720 (9th Cir.2005). We review challenges to the formulation of a jury instruction for abuse of discretion. Dang v. Cross, 422 F.3d 800, 804 (9th Cir.2005).
I
We affirm the district court’s partial grant of summary judgment as to Techlink’s proposed “lost profits” theory of damages. Any error was harmless, as the damages theory presented to the jury was broader than the one Techlink sought; the jury could not have awarded Techlink damages under a lost profits theory "without also awarding damages under the instruction given at trial, which it declined to do. In addition, in order to achieve a damage award, the jury would have necessarily had to find Grays Harbor liable, and it did not.
II
The parties disagree over whether Washington law prohibited the district court from submitting to the jury the question of whether the parties’ contract was a fully integrated agreement. See Barber v. Rochester, 52 Wash.2d 691, 328 P.2d 711 (1958). Barber described a procedure whereby the judge would, as a preliminary evidentiary consideration, decide whether a written agreement was a fully integrated contract before deciding whether the jury could hear evidence extrinsic to the written terms. In the context of this case, the district court determined that the factual issues on contract integration were such that “to take that issue from the jury is to deny the parties their right to have a jury determine issues of fact.” This conclusion is consistent with Washington law. See, e.g., Wash. Const., art. I, § 21 (providing that “the right of trial by jury shall remain inviolate”); *705 Wash. Rev.Code § 4.44.090 (requiring that questions of fact, other than those pertaining to the admission of evidence, be determined by a jury where the case is tried to a jury). Here, the factual issues surrounding integration were vigorously contested by the parties and argued to the jury. Given the circumstances of this case, we see no reversible error in the district court’s decision on how Barber should be applied in this context, and our independent review of the record satisfies us that any error was more probably than not harmless. See Obrey v. Johnson, 400 F.3d 691, 701 (9th Cir.2005) (citing standard). Techlink was permitted to present its extrinsic evidence and argue its theory of integration to the jury.
The district court did not abuse its discretion by rejecting Techlink’s proposed instruction concerning contract integration. A court need not accept instructions that tell the jury in which party’s favor it should interpret evidence. Bird v. Lewis & Clark College, 303 F.3d 1015, 1022 (9th Cir.2002) (citing United States v. Hall, 552 F.2d 273, 275 (9th Cir.1977)). Tech-link does not contend that the instruction that the court gave was improper or an incorrect statement of law.
Ill
Washington has adopted the so-called “context rule,” whereby extrinsic evidence may always be used to define and construe a contract’s terms. Berg v. Hudesman, 115 Wash.2d 657, 801 P.2d 222, 229 (1990). Techlink claims that it was error for the judge not to submit a context instruction to the jury. We need not reach this question either because any error arising from the court’s decision not to give the instruction was harmless.
“[prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was not fairly and correctly covered.” Gambini v. Total Renal Care, Inc., 486 F.3d 1087, 1092 (9th Cir.2007) (internal quotation marks omitted). There is no prejudice if the instructions as a whole cover the defense’s theory of the case. United States v. Del Muro, 87 F.3d 1078, 1081 (9th Cir.1996).
Here, the district court allowed Techlink to tender a significant amount of extrinsic evidence concerning the contract. It instructed the jury that it could consider oral promises and other types of parol evidence. Techlink argued its theory of the case, based on the extrinsic evidence, to the jury. Considering the instructions as a whole, as we must, we conclude that any error arising from the court’s decision not to give a context instruction was more probably than not harmless. See Gambini, 486 F.3d at 1092 (citing standard).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.