NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50084 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00933-GAF-1 |
| v. | |
| RANA HUNTER, AKA Julia Forbes, AKA Dina Russ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 14, 2011
Pasadena, California

Before: RYMER, TALLMAN, and IKUTA, Circuit Judges.

Rana Hunter appeals her convictions for selling smuggled Human Growth

Hormone (HGH) and committing identity theft crimes. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

Hunter argues that there was insufficient evidence to support her convictions. Because Hunter did not renew her Rule 29 motion at the close of evidence, we review for plain error. *United States v. Pelisamen*, 641 F.3d 399, 409 & n.6 (9th Cir. 2011). We review the evidence in the light most favorable to the government and must affirm if any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Hunter claims that the vials tested for HGH suffered from a broken chain of custody, but there is evidence the chain was intact. The discrepancy in weight for the June vials was explained at trial – one measurement included paperwork and one did not. The discrepancy in dates for the July vials was accounted for by momentary confusion from similar dates. The jury could reasonably have credited these explanations.

Hunter's submission that the Supreme Court's decision in *Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2710 (2011), compels a reversal of her conviction for the June HGH shipment is unavailing. A chemist from the San Francisco laboratory testified at trial that the vial he tested from the June shipment contained HGH.

Hunter also argues that it is not necessarily illegal to sell HGH online. Because Hunter's sales of HGH were for a use in humans that was not approved by the FDA and were not pursuant to a physician's prescription, those sales violated 21 U.S.C. § 333(e).

Nor was the evidence insufficient to sustain Hunter's convictions under 18 U.S.C. § 545. The evidence showed that she knowingly received smuggled HGH from a foreign country and that she facilitated its sale.[1]

There is evidence showing that Hunter's identity theft crimes occurred within the statute of limitations. Certainly there was evidence that she possessed many identification documents and access devices in other people's names during the limitations period, and there was evidence that she unlawfully used at least five of these identities during that period. That is sufficient for the jury to find that she violated 18 U.S.C. §§ 1028(a)(3) and 1029(a)(3) within the statutory window.

Finally, Hunter's convictions for aggravated identity theft do not violate the Ex Post Facto Clause. Hunter admits that she continued to possess other people's identification documents and access devices after 18 U.S.C. § 1028A was enacted

---

[1] The government did not have to prove that someone performed acts whereby HGH was "clandestinely introduced" into the country "with intent to defraud the United States," because Hunter was charged under the second paragraph of 18 U.S.C. § 545, which does not contain these elements. *See United States v. Davis*, 597 F.2d 1237, 1239 (9th Cir. 1979).

3

in 2004. Therefore, her convictions are based on conduct and intent that occurred while the statute was in effect.

II

Hunter argues that the district court's evidentiary rulings precluded her from presenting a defense. We review the rulings de novo. *United States v. Lynch*, 367 F.3d 1148, 1159 (9th Cir. 2004).

The district court correctly excluded part of Ron Kennington's testimony that would have described Hunter's underlying reason for being afraid and using aliases. *See* Fed. R. Evid. 803(3); *United States v. Emmert*, 829 F.2d 805, 810 (9th Cir.1987). Hunter's constitutional arguments for admitting the hearsay testimony are unconvincing. "While the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006).

Proffered evidence of Hunter's "life-long" story was not directly relevant to the issue of her criminal intent and would have been diverting, thus the court was

4

within its discretion to exclude it. *See* Fed. R. Evid. 403; *United States v. Rodriguez-Rodriguez*, 393 F.3d 849, 856 (9th Cir. 2005) (court did not abuse its discretion in excluding proffered testimony that "was general and did not relate to any conduct that was observed" at the time of criminal activity). Although Hunter now argues that her daughter's testimony was admissible as a lay opinion, she did not make this argument before the district court; the district court did not plainly err in excluding it on that basis. *United States v. Chang*, 207 F.3d 1169, 1176 (9th Cir. 2000).

## III

Hunter's claim that Count 10, the first aggravated identity theft charge, was impermissibly altered when the government removed the names of two victims from the charge is foreclosed by *United States v. Miller*, 471 U.S. 130, 144-45 (1985) (a defendant may be convicted on an indictment amended to drop "those allegations that are unnecessary to an offense that is clearly contained within it").

## IV

Hunter contends that the district court provided improper and inadequate instructions to the jury. We review a district court's response to a jury inquiry for

abuse of discretion, and review de novo whether the response is legally correct. *United States v. Verduzco*, 373 F.3d 1022, 1030 n.3 (9th Cir. 2004). When a defendant fails properly to object to an instruction, review is for plain error. *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005).

The district court did not abuse its discretion in refusing to supply the jury with the statutes it requested. The full statutory text might have misled the jury into considering provisions not at issue, and might have prejudiced Hunter or been confusing.[2] Additionally, the court didn't err in instructing the jury that 18 U.S.C. § 1028(a)(3) required Hunter's possession of identification documents to affect interstate commerce "in the aggregate." We approved this instruction for a closely related statute, 18 U.S.C. § 1029(a)(3), and see no difference here.[3] *United States v. Clayton*, 108 F.3d 1114, 1117-18 (9th Cir. 1997).

V

---

[2] No objection was made to the underlying instruction itself. To the extent Hunter now complains about the district court's failure to define "contrary to law," she shows no plain error. The indictment charged her with receiving and selling HGH in violation of 21 U.S.C. § 355(a). There was evidence indicating that Hunter imported HGH from China and that no Chinese company had been approved by the FDA to market or sell HGH in the United States.

[3] Hunter never requested a second closing argument to respond to the "in the aggregate" instruction, and the district court did not plainly err by not affording one.

Hunter argues that evidence of other shipments from China should have been excluded because there was no showing that those shipments contained HGH. Hunter did not present this particular argument before the district court, so we review for plain error. The shipments to Hunter were mailed to names of her stolen identities, came from Chinese companies, and carried false manifests. The court gave a limiting instruction to the jury to consider the evidence only as proof of Hunter's "criminal intent or knowledge, or whether it reflects part of a common scheme or plan." This type of evidence is unquestionably admissible. *See* Fed. R. Evid. 404(b). The court did not plainly err. *United States v. Redlightning*, 624 F.3d 1090, 1121 (9th Cir. 2010).

## VI

Hunter's claim of judicial hostility fails. The court's intervention was limited and it repeatedly advised the jury that it was managing the case not expressing any opinion on the merits. *See United States v. Scott*, 642 F.3d 791, 800 (9th Cir. 2011).

## VII

The district court denied Hunter's request to release complete transcripts of the grand jury proceeding, despite Hunter's protestations that there were errors in the proceeding. We review this denial for abuse of discretion. *United States v. Caruto*, 627 F.3d 759, 768 (9th Cir. 2010).

"Even if error in the grand jury proceedings (other than the structural errors [of racial and gender discrimination]) was brought to the attention of the district court prior to trial, where the motion was denied and a guilty verdict was returned, the error is rendered harmless by the verdict." *United States v. Navarro*, 608 F.3d 529, 540 (9th Cir. 2010). Hunter did not allege structural error, so any error is harmless. Because there was no reversible error in the grand jury proceedings, the court did not abuse its discretion in denying Hunter the grand jury transcripts.

VIII

Hunter appeals the imposition of a 2-level increase for obstruction of justice and denial of a 2-level decrease for acceptance of responsibility. We review the district court's factual findings for clear error. *United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010). There is none, as Hunter initially lied to a Pretrial Services Officer about her identity, address, and date of birth, and again lied at her detention hearing, lied to the magistrate judge about how much money she had,

8

claiming that she possessed about 1/8 her actual savings.  This had an effect on bail, thus the enhancement for willful obstruction was supported.

Nor did the district court clearly err in finding that Hunter failed to show that she accepted responsibility for her crimes.  Not only did Hunter put the government to its burden of proof at trial, *see* U.S. Sentencing Guidelines Manual § 3E1.1 cmt. n.2, but the district court found that she obstructed justice under § 3C1.1, which "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *Rosas*, 615 F.3d at 1066.  Although this may not be true in "extraordinary cases," *id.*, Hunter has not shown that hers is an extraordinary case.

AFFIRMED.