MAUREEN CAMPBELL, an Infant, by CATHERINE CAMPBELL, Her Guardian ad Litem, Respondent, v. PEARL RESNICK, Appellant.— Action to recover damages for personal injuries sustained by an infant one and a half years of age, while descending, with her mother, a flight of steps in the rear of the house in which they were tenants. The steps were narrow, winding and wide enough to accommodate one person. The mother followed behind the infant, holding the child with one hand and carrying a bundle in the other. The infant fell on the second step from the bottom. The only defect claimed and testified to was a crack in the board of this step, resulting in an elevation of an eighth of an inch. Giving plaintiff the benefit of the most favorable inferences that may be drawn from her proof, the record shows the defect to be so slight that we hold as matter of law it did not constitute negligence. But even assuming that the defect existed and is sufficient to constitute negligence, the proof fails to show that the defect was the proximate cause of the infant's fall and injuries. Judgment of the City Court of Yonkers reversed on the law, with costs, and complaint dismissed, with costs. Hagarty, Johnston, Adel, Taylor and Close, JJ., concur.

MABEL D. DYMOTT, as Executrix, etc., of CHARLES W. DYMOTT, Deceased, Respondent, v. THE CITY OF NEW YORK and Another, Defendants, and TOMPKINS BUS CORPORATION, Appellant.— Order denying motion of defendant Tompkins Bus Corporation to dismiss the complaint on the ground it does not state facts sufficient to constitute a cause of action as against that defendant, reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss granted, with leave to plaintiff to serve an amended complaint within ten days from the entry of the order hereon upon payment of such costs. Liability is sought to be cast upon defendant Tompkins Bus Corporation, particularly by reason of the allegations of paragraphs " ninth " and " eleventh " of the complaint. While paragraph " ninth " alleges that said defendant maintained a depot or terminal on the viaduct at the St. George ferry entrance for the purpose of permitting its passengers to board or alight from its buses, there is no allegation that decedent had just been or was about to become a passenger, or that said defendant owed some other duty to decedent. Although paragraph " eleventh " contains a conclusion of law, it nevertheless does not state facts which create any liability upon the part of said defendant. It had covenanted with somebody to remove the ice and snow from the viaduct and more particularly from that part thereof used as a means of ingress to and egress from its buses. This covenant was not for the benefit of third parties. Lazansky, P. J., Davis, Johnston and Taylor, JJ., concur; Carswell, J., concurs in result.