IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 2, 2022

**KATHY TINO v. BARRY WALKER ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 20C745          Joseph P. Binkley, Jr., Judge**

_____

**No. M2021-01230-COA-R3-CV**
_____

In this premises liability case, the plaintiff appeals the trial court's order granting the defendants' motion for summary judgment and dismissing the plaintiff's complaint with prejudice. The plaintiff contends that the trial court erred by determining that the divot in the brick step that caused her to trip and fall amounted to a minor aberration and that, as a result, the defendants did not owe her a duty of care. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

James P. McNamara, Nashville, Tennessee, for the appellant, Kathy Tino.

Kelley E. Strange, Nashville, Tennessee, for the appellees, Barry Walker, individually, and Marathon Motor Works, both d/b/a "Marathon Village."

**OPINION**

I. Factual and Procedural Background

On March 23, 2020, the plaintiff, Kathy Tino ("Plaintiff"), filed a complaint in the Davidson County Circuit Court ("trial court") against the defendants, Marathon Motor Works, also known as Marathon Village ("Marathon Village"), and Barry Walker, individually as the owner and operator thereof (collectively, "Defendants").[1] Plaintiff

---

[1] We will refer to defendant Marathon Motor Works as "Marathon Village" as the trial court did in its final order.

alleged that she had suffered personal injuries when she tripped on an "exposed hole" while walking down brick steps on the premises of Marathon Village on April 28, 2019. As a result of her fall, Plaintiff alleged that she had suffered "serious, disabling, painful and permanent bodily injuries."

In her deposition, Plaintiff stated that she and her husband had travelled to Nashville to visit their son on the date in question. While in Nashville, the Tinos visited the "American Pickers" store and an old-fashioned car showroom, both located on the premises of Marathon Village. As the Tinos left the showroom, they exited to a set of brick steps where the heel of Plaintiff's shoe was caught by a "divot" in a brick of the second-to-last step, causing her to fall.[2]

Defendants filed an answer on April 29, 2020, asserting as a defense that Plaintiff had failed to state a cause of action upon which relief could be granted. In addition to responding to each of Plaintiff's allegations individually, Defendants asserted, *inter alia*, that (1) they did not breach any duty or commit any act or omission that was the proximate cause of Plaintiff's injuries; (2) no unreasonably dangerous or defective condition existed on the property; (3) alternatively, they did not have actual or constructive knowledge that an unreasonably dangerous or defective condition existed on the property; (4) Plaintiff was more than fifty percent at fault for the fall; and (5) alternatively, fault should be apportioned among the parties proportionally under the doctrine of comparative fault.

Defendants subsequently filed a motion for summary judgment, along with a memorandum of law in support and a statement of undisputed material facts, averring that they had no duty to warn Plaintiff of the steps' condition, they had not breached any duty owed to Plaintiff, the "divot in the brick area" was "inconsequential and mere centimeters thick," and Plaintiff was at least fifty percent at fault. In response, Plaintiff filed a statement of undisputed material facts and memorandum of law in opposition to Defendants' motion. In her memorandum of law, Plaintiff asserted that there were genuine issues of material fact, that sufficient evidence in the record would allow a reasonable juror to conclude that the stairway was dangerous, and that it would be improper for the trial court to usurp the jury's role in apportioning fault with respect to Defendants' comparative fault defense. Specifically, Plaintiff contested Defendants' assertion that she had tripped as a result of an "inconsequential divot or depression," instead claiming that the stairs had been in a dangerous condition and poor repair.

On September 28, 2021, the trial court entered an order granting Defendants' motion for summary judgment after conducting a hearing on the motion in August 2021.

---

[2] Plaintiff and Defendants have at various times throughout the litigation referred to the defect in brickwork as a "divot." For ease of reference, we will also refer to the defect as a "divot." Based on a photograph of the brick step at issue, the source of Plaintiff's trip and fall was an indentation or variation in height between two different rows of bricks in the second-to-last step.

Specifically, the court determined that "[b]ecause the defects complained of were small aberrations, the foreseeability and gravity of harm considerations do not support a finding of liability on the part of Defendants" and that, as a result, Plaintiff could not establish that Defendants owed her a duty. Plaintiff timely appealed.

## II. Issue Presented

Plaintiff presents one issue on appeal, which we have restated slightly as follows:

Whether the trial court erred in granting Defendants' motion for summary judgment upon determining that the defect in the stairway step was a minor aberration and that Plaintiff therefore could not establish that Defendants owed her a duty of care.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. As our Supreme Court has explained concerning the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest

upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L. Ed. 2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye*, 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye*, 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Defendants' Duty to Plaintiff

Plaintiff contests the trial court's conclusion that Defendants did not owe her a duty of care based on its finding that "any defects to the stairway steps amount[ed] to a 'minor aberration.'" According to Plaintiff, the court's finding with respect to the seriousness of the defect is not supported by the record; rather, there is purportedly sufficient evidence in the record "by which a reasonable juror could have concluded that the stairs on the premises [constituted] a dangerous condition." Thus, the issue before this Court is whether the deviation or defect in the brick step presented a foreseeable risk of harm or injury such that Defendants owed Plaintiff a duty to warn of or repair the defect.

- 4 -

A plaintiff asserting a claim for negligence must prove the following elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." *Rice v. Sabir*, 979 S.W.2d 305, 308 (Tenn. 1998). With respect to the first element, "Tennessee courts have consistently held that the existence or non-existence of a duty is purely a question of law for the court, . . . and the Tennessee Supreme Court has held that 'summary judgment is a proper mechanism with which to evaluate the "duty" component of a negligence claim . . .'[.]" *Stewart v. Seton Corp.*, No. M2007-00715-COA-R3-CV, 2008 WL 426458, at *5 (Tenn. Ct. App. Feb. 12, 2008) (internal citations omitted).

Concerning the duty owed by a premises owner generally, our High Court has previously explained:

> In a premises liability case, an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. *See Blair v. Campbell*, 924 S.W.2d 75, 76 (Tenn. 1996); *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994). Although the traditional rationale for imposing this duty was the owner's superior knowledge of conditions on the premises, *see e.g.*, *Kendall Oil v. Payne*, 41 Tenn. App. 201, 293 S.W.2d 40, 42 (Tenn. App. 1955), we recently held that a duty may exist even where the injury-causing condition is alleged to be "open and obvious" to the plaintiff. We explained:
>
>> That a danger to the plaintiff was 'open or obvious' does not, *ipso facto*, relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. The factors provided in the Restatement (Second) of Torts, § 343(A) relate directly to the foreseeability question; in short, if the foreseeability and gravity of harm posed from a defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care.

*Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998).

The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against "conditions from

- 5 -

which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Prosser and Keeton on Torts*, *supra*, § 61 at 426. In this regard, "the mere existence of a defect or danger is generally insufficient to establish liability, unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it." *Id.* at 426-27. As we explained in *Doe v. Linder Const. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992):

> Foreseeability is the test of negligence. <u>If the injury which occurred could not have been reasonably foreseen, the duty of care does not arise, and even though the act of the defendant in fact caused the injury, there is no negligence and no liability.</u> '[T]he plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, *and that some action within the [defendant's] power more probably than not would have prevented the injury.*'

(emphasis added) (citations omitted).

*Rice*, 979 S.W.2d at 308-09 (underlined emphasis added). This Court has further expounded that "foreseeability is the gravamen of negligence." *Green v. Roberts*, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012).

Respecting the foreseeability of risk, our High Court has further explained:

> The risk involved must be one which is foreseeable; "a risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." [*Doe v.*] *Linder Const. Co.*, 845 S.W.2d [173] at 178 [(Tenn. 1992)]. "The plaintiff must show that the injury was a reasonably foreseeable probability, not just a remote possibility, and that some action within the [defendant's] power more probably than not would have prevented the injury." *Tedder v. Raskin*, 728 S.W.2d 343, 348 (Tenn. Ct. App. 1987)[.]

> We employ a balancing approach to assess whether the risk to the plaintiff is unreasonable and thus gives rise to a duty to act with due care. *Burroughs* [*v. Magee*], 118 S.W.3d [323] at 329 [(Tenn. 2003)]; *Staples* [*v. CBL & Assocs., Inc.*], 15 S.W.3d [83] at 89 [(Tenn. 2000)]. This Court has held that a risk is unreasonable, "'if the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant

to engage in alternative conduct that would have prevented the harm.'" *Burroughs*, 118 S.W.3d at 329 (quoting *McCall* [*v. Wilder*], 913 S.W.2d [150] at 153 [(Tenn. 1995)]).

*West v. East Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005). While gravity of harm and the burden upon a defendant to engage in alternative conduct are significant to the balancing process, "the foreseeability factor has taken on paramount importance in Tennessee." *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 366 (Tenn. 2008). Our High Court has elucidated: foreseeability is "so important that if an injury could not have been reasonably foreseen, a duty does not arise even if causation-in-fact has been established." *Id.* Therefore, we must discern whether Plaintiff's trip and fall was reasonably foreseeable in order to determine whether Defendants owed Plaintiff a duty of care. *See Stewart*, 2008 WL 426458, at *5-6 (concluding that "[t]here is no evidence that the harm to plaintiff was foreseeable and her claim that foreseeability created a duty on the part of the defendants must fail.").

In its final order granting Defendants' motion for summary judgment, the trial court concluded the following in pertinent part:

> Both the Supreme Court of Tennessee and Court of Appeals have held recovery will not lie because of the existence of minor defects and depressions in a parking lot, *See Green*, 398 S.W.3d at 181 (Because the defects complained of were small aberrations, the foreseeability and gravity of harm considerations do not support a finding of liability on the part of the defendant); *Riddell v. Great Atlantic & Pacific Tea Co.*, 241 S.W.2d 406, 408 (Tenn. 1951) ("A recovery will not be allowed because of the existence of trivial holes or depressions."); *Murray v. City of Nashville*, 299 S.W.2d 859, 862 (Tenn. Ct. App. 1957) ("[T]he mere existence of trivial depressions . . . [is] not such as to constitute actionable negligence . . . ."); *Batts v. City of Nashville*, 123 S.W.2d 1099, 1103 (Tenn. Ct. App. 1938) ("[S]light holes or depressions which are not in the nature of traps, and from which danger could not be reasonably anticipated, are not defects for which an action will lie."). Additionally, the Tennessee Court of Appeals in *Green v. Roberts* affirmed the rule that there is no actionable negligence for minor defects and depressions, and applied the rule to a commercial property. *Green*, 398 S.W.3d at 181[.]

> The testimony regarding the Plaintiff's fall, coupled with photographs of the steps, show any defects to the stairway steps amount to a "minor aberration." Essentially, Plaintiff fell on an inconsequential divot or depression. The divot in the brick area where Plaintiff fell is shown to be mere centimeters thick. It is not reasonably foreseeable someone could trip on a centimeter divot in the brick. Thousands of people have walked through

- 7 -

Marathon Village and the car showroom without incident. Because the defects complained of were small aberrations, the foreseeability and gravity of harm considerations do not support a finding of liability on the part of Defendants. Under the undisputed facts presented in this case, Plaintiff cannot establish that she was owed a duty by Defendants.

The trial court's analysis accurately reflected Tennessee case law with respect to duty of care and minor defects in walkways. Although not referenced by the trial court, we also find *Harper v. Am. Nat'l Bank & Trust Co.*, 249 S.W.2d 583 (Tenn. 1952), particularly instructive and factually similar to the case at bar. In *Harper*, our High Court reviewed this Court's opinion reversing the trial court's decision to set aside jury verdicts in favor of the plaintiff, who had tripped over a metal strip at the top of stairs in the defendant's building, and to enter directed verdicts in favor of the defendant. *Id.* at 583-84. The plaintiff asserted that the metal strip, which was installed to hold down the edge of the linoleum floor, had "become slick and dangerous from long usage, and that it was not properly fastened down; that the inside edge, near the middle of the strip, had become warped and about 3/16ths of an inch higher than the linoleum." *Id.* at 584. The plaintiff, who had been leaving the beauty shop on the second floor of the building, had tripped as she started to descend the staircase "when she caught her shoe on the raised edge of the metal strip causing her to fall down the steps to the landing below and sustaining her injuries." *Id.*

In reversing the decision of this Court and concluding that there had been no "actionable negligence shown on the part of the defendant," our High Court concluded that the proof presented at trial evinced that the defect was "inconsequential," "the condition of the steps had been the same since 1943," "[t]he exact condition of the steps and metal strip [had been] shown by the photograph introduced in evidence and made a part of the record," and "more than 100,000 people had used the stairs without injury." *Id.* at 584-586. The Court also cited with approval *City of Memphis v. McCrady*, 124 S.W.2d 248, 249-50 (Tenn. 1938), in which our High Court determined that it could not be reasonably foreseen that injury would result from "a rise at the expansion joint [in the sidewalk] which projected two and a half inches above the adjacent block"; *Schoonmaker v. Poughkeepsie Sav. Bank*, 17 N.Y.S.2d 549, 550 (App. Div. 1940), in which the appellate court concluded that "a rise and elevation of the strip close to the banisters of about one-eighth of an inch" was not a negligent condition; and *Campbell v. Resnick*, 1 N.Y.S.2d 890, 891 (App. Div. 1938), in which the appellate court determined that "a crack in the board of this step, resulting in an elevation of an eighth of an inch" was so slight a defect that it did not constitute negligence. *Id.* at 585.

Therefore, our High Court and this Court have long held that a minor defect or deviation in a stairway or walkway is insufficient to impose a duty upon a premises owner to warn of or repair the defect if injury is not reasonably foreseeable. *See id.* at 584-85; *see also Riddell v. Great Atl. & Pac. Tea Co.*, 241 S.W.2d 406, 408 (Tenn. 1951) ("A

recovery will not be allowed because of the existence of trivial holes or depressions."); *Green*, 398 S.W.3d at 181 ("Also important to the instant case is the fact that the area complained of was only a minor 'aberration' in the parking lot[.]"); *Murray v. City of Nashville*, 299 S.W.2d 859, 862 (Tenn. Ct. App. 1956) ("[T]he Courts of Tennessee have held in a number of cases that the existence of trivial depressions in a street are not such as to constitute actionable negligence against a municipality."); *Rye v. City of Nashville*, 156 S.W.2d 460, 462 (Tenn. Ct. App. 1941) ("The probability that [a two-inch rise in a sidewalk] will cause injury to pedestrians using the sidewalk with reasonable care is too remote to impose upon municipalities the burden and expense of preventing them or the duty of guarding against them."); *Batts v. City of Nashville*, 123 S.W.2d 1099, 1103 (Tenn. Ct. App. 1938) ("[S]light inequalities or depressions or differences in grade," a "slight deviation from the original level of a walk," and "other immaterial obstructions, or trivial defects which are not naturally dangerous, will not make a municipality liable for injuries occasioned thereby.") (internal citations omitted).

We now turn to the specific facts of the present case in order to evaluate whether the divot in the brick step constituted a minor aberration like that described in the above-referenced cases or, rather, a dangerous defect such that it would have been reasonably foreseeable to likely result in injury or harm. *See Batts*, 123 S.W.2d at 1104 ("The cases all come back to the question of whether or not it could be reasonably anticipated, by a reasonably prudent person, that a traveler on the sidewalk . . . unexpectedly encountering the obstruction or hole, would suffer injury, or as some of the cases express it, would probably suffer injury.").

In their statement of undisputed material facts in support of their motion for summary judgment, Defendants stated that Plaintiff's heel "got stuck in a divot in a brick," that all eight employees of Marathon Village "were tasked with doing multiple walks daily throughout Marathon Village and reporting any dangerous conditions," that no one had ever raised any concerns about the condition of the steps, and that no one had ever fallen on the steps in the thirty-two years since the stairs were constructed. Defendants also attached a photograph taken by Plaintiff of a nearly identical heel placed against the divot in the brick step.

Although Plaintiff's "Designation of the Record" lists her response to the Defendant's statement of undisputed material facts, the record contains no such response. However, the record does contain Plaintiff's own statement of undisputed material facts, wherein she does not specifically contest the facts asserted by Defendants. Concerning the condition of the steps, Plaintiff stated that Mr. Walker built the stairs in 1987 and that he had acknowledged that the bricks on the step were not level, that "one should try to keep the bricks level with one another to provide a smooth platform," and that a smooth platform is important to prevent people from tripping while using the stairs.

We review the evidence "in the light most favorable to the non-moving party and must resolve all reasonable inferences in the non-moving party's favor." *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 318 S.W.3d 839, 845 (Tenn. 2010). Reviewing the facts in the light most favorable to Plaintiff, we find those facts to be similar to the facts in *Harper*. 249 S.W.2d 583. As in *Harper*, Defendants presented as an exhibit the photograph taken by Plaintiff of the divot in the brick step. As a source of scale and comparison to the shoe Plaintiff was wearing at the time of the fall, the photograph included the high heel of a shoe against the indentation. Plaintiff acknowledged in her deposition that the heel in the photograph was nearly identical to the heel she was wearing at the time of the fall. Although there was no testimony in the depositions with respect to the height of the indentation, the photograph of the step demonstrates that the brick in question was only slightly raised above the other bricks.

Furthermore, as in *Harper*, Mr. Walker testified in his deposition that the stairs have looked "pretty much the same that they've been for 40-some years." In *Harper*, our High Court considered the fact that the condition of the steps had been the same for several years as evidence that no actionable negligence occurred. *Id.* at 584. The *Harper* Court also considered the fact that "more than 100,000 people had used the stairs without injury." *Id.* Although no one testified as to the number of visitors that have used the steps at issue in the present case, Defendants stated in their statement of undisputed material facts that "[n]o one [had] ever voiced any concerns about the condition of the stairs" and that "[n]o one ha[d] ever fallen on these steps in the 32 years since they were built." Plaintiff neither contested these asserted facts in her statement of undisputed material facts nor presented facts to indicate the severity of the divot.

On appeal, Plaintiff largely relies on the fact that the unevenness of the step was the cause-in-fact of her fall and injury. Plaintiff contends that "a platform of a stairway that is used by the public should not be maintained in a condition where a woman walking carefully down the stairs has her shoe removed from her foot because her heel was left trapped in a divot." However, we cannot presume negligence or reasonable foreseeability of future harm or injury from the mere fact that an injury has in fact occurred. *See Stewart*, 2008 WL 426458 at *4 (quoting *Mullins v. Seaboard Coast Line Ry. Co.*, 517 S.W.2d 198, 201 (Tenn. Ct. App. 1974)) ("It is a well-settled rule of this State that the mere fact that an injury has been sustained never raises a presumption of negligence.").

Plaintiff further posits that Defendants cannot contend that her fall and resulting injury were not reasonably foreseeable in light of Mr. Walker's acknowledgement that the bricks in the step were not level and that a smooth platform was important to ensure that no one using the steps tripped. However, as noted above, courts of this state have repeatedly held that minor defects or aberrations in stairways or walkways do not constitute actionable negligence. *See, e.g.*, *Batts*, 123 S.W.2d at 1104. There must be more than a possibility of harm or injury arising from a defect for courts of this state to impose a duty of care upon the premises owner. *See Satterfield*, 266 S.W.3d at 367 ("[B]ecause almost

- 10 -

any outcome is possible and can be foreseen, the mere fact that a particular outcome might be conceivable is not sufficient to give rise to a duty."). Rather, there must be "some probability or likelihood of harm that is serious enough to induce a reasonable person to take precautions to avoid it." *Id.* (emphasis added). Mr. Walker's admissions that the bricks in the step were not completely level neither indicated the severity of the divot nor whether it was reasonably foreseeable that the divot would likely cause injury or harm. Here, based on the deposition testimony and the photograph evincing a minor divot in the brick step, we cannot determine that this minor defect created anything more than a possible risk of injury or harm to guests.

Based on the undisputed facts and the photograph of the divot, we agree with the trial court and conclude that the divot on the second-to-last step amounted to a "minor aberration" similar to the minor defects in the long line of cases in which courts of this state have declined to find actionable negligence. We emphasize that the duty of care does not arise if the injury is not reasonably foreseeable. *Rice*, 979 S.W.2d at 309. Here, no duty to warn of or repair the defect arose inasmuch as it was not reasonably foreseeable that the minor defect in brickwork would likely cause an injury. We conclude that a reasonable person could not have "foresee[n] the probability of [the injury's] occurrence" and that "the likelihood of danger to the party to whom is owed a duty" was improbable. *See West*, 172 S.W.3d at 551 (quoting *Doe v. Linder Constr. Co., Inc.*, 845 S.W.2d 173, 178 (Tenn. 1992)).

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint with prejudice. Accordingly, we remand this case for collection of costs below. Costs on appeal are taxed to the appellant, Kathy Tino.

s/ Thomas R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE

- 11 -