# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 25, 2014 Session

# ELIZABETH F. HOLLAND v. K-VA-T FOOD STORES, INC., ET. AL.

### Appeal from the Circuit Court for Sevier County
### No. 20100308II    Hon. Richard R. Vance, Judge

---

### No. E2013-02798-COA-R3-CV-FILED-JANUARY 13, 2015

---

This is a premises liability action in which Plaintiff filed suit against Defendant for injuries she sustained as a result of a trip and fall accident in a parking lot. Defendant filed a motion for summary judgment, arguing that he owed no duty to Plaintiff and that Plaintiff was more than 50 percent at fault for her injuries. The trial court granted the motion for summary judgment and dismissed the complaint. Plaintiff appeals. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, and THOMAS R. FRIERSON, II, JJ., joined.

R. Stephen Merritt, Maryville, Tennessee, for the appellant, Elizabeth F. Holland.

Mary Jo Mann, Knoxville, Tennessee, for the appellee, Carl Ed Newman, in his capacity as Trustee of the Carl Newman Family Trust and as Trustee of the Newman Family Trust.

## OPINION

### I. BACKGROUND

On April 28, 2009, Elizabeth F. Holland ("Plaintiff") and her husband drove to a K-VA-T Food Store, doing business as a Food City Store ("Food City"), to purchase groceries. This particular Food City shared a parking lot with a branch of the Sevier County Bank ("the Bank"). The two properties were divided by a continuous curb, which was an unmarked, raised area of the asphalt pavement that was unkept and had moss and weeds growing around it. The curb operated to impede cars parked at Food City from traveling into the drive-

through area of the Bank. Plaintiff and her husband parked at the edge of the Food City parking lot and directly in front of the drive-through area of the Bank. Once parked, their car was perpendicular to the curb. After entering Food City and shopping, Plaintiff and her husband returned to their car to load the groceries they had purchased. While stepping backward, Plaintiff opened the passenger side door of the car, tripped on the curb, and fell to the ground. Plaintiff sustained injuries as a result of the fall.

On April 28, 2010, Plaintiff filed a negligence suit against Food City, the Bank, and the owner of the two properties, Carl Newman ("Defendant"), in his capacity as Trustee of the Carl Newman Family Trust and as Trustee of the Newman Family Trust.[1] Plaintiff alleged that the unmarked curb was an unreasonably dangerous condition. She claimed that Defendant knew of the condition but was negligent by failing to either correct the condition or warn her of the danger. She asserted that she "did not have any knowledge of the condition and could not have reasonably been expected to discover it." She sought compensatory damages in the amount of $350,000.

Defendant denied wrongdoing and later filed a motion for summary judgment in which he argued that he owed no duty to Plaintiff when there was no defective or unreasonably dangerous condition. He also claimed that Plaintiff was more than 50 percent at fault for her injuries. In support of the motion, Defendant attached deposition testimony and a statement of undisputed material facts. The deposition testimony and statement provided, in pertinent part, that Plaintiff's husband noticed the curb when he parked the car, that Plaintiff was aware that she had a responsibility to look for obvious obstructions, that the curb was visible, and that she would have seen the curb if she would have looked for it. Plaintiff responded to the statement by asserting, in pertinent part, that she never testified that she was not looking where she was walking and that she would have seen the curb only if it had been marked, if it had been pointed out to her, or if she were looking for it.

After considering the arguments of counsel, the trial court granted the motion for summary judgment and dismissed the complaint against Defendant. Citing *Young v. First Bank of Tennessee*, No. E2010-01434-COA-R3-CV, 2011 WL 332700 (Tenn. Ct. App. Jan. 28, 2011), the court found that Defendant had no duty to warn Plaintiff of the curb when the curb at issue was open and obvious and when it was not reasonably foreseeable that Plaintiff would walk backward without looking and trip and fall over the curb. The court further found that if the case were presented to a jury, the jury could not reasonably conclude that Plaintiff was less than 50 percent at fault for her injuries. This timely appeal followed.

---

[1] Food City and Sevier County Bank were later dismissed as parties and are not parties to this appeal.

## II.  ISSUE

We restate the issue raised on appeal by Plaintiff as follows:

Whether the trial court erred in granting the motion for summary judgment and dismissing Plaintiff's complaint against Defendant for negligence.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts.  Tenn. R. Civ. P. 56.04.  A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial."  *Hannan v. Alltel Publ'g. Co.*, 270 S.W.3d 1, 9 (Tenn. 2008), *superseded by statute*, 2011 Tenn. Pub. Acts ch. 498 §§ 1, 3 (codified at Tenn. Code Ann. § 20-16-101).[2]  When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists."  *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993).  The nonmoving party may not simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial.  Tenn. R. Civ. P. 56.06.  If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered."  Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness.  *See City of Tullahoma v. Bedford Cnty.*, 938 S.W.2d 408, 412 (Tenn. 1997).  In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor.  *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999).  If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law.  *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

---

[2]Plaintiff contends that the trial court neglected to specify which summary judgment standard it utilized in reaching its decision.  The Tennessee General Assembly legislatively reversed the Tennessee Supreme Court's holding in *Hannan*.  *See* Tenn. Code Ann. § 20-16-101.  The statute is applicable to cases filed on or after July 1, 2011.  Thus, in this appeal, we will continue to apply the summary judgment standard set forth in *Hannan* because the complaint was filed on April 28, 2010.

# IV. DISCUSSION

In the instant case, the trial court awarded summary judgment to Defendant upon determining that Defendant had no duty to warn Plaintiff when the curb at issue was open and obvious and when it was not reasonably foreseeable that Plaintiff would walk backward without looking and trip and fall. The court further found that a jury could not reasonably conclude that Plaintiff was less than 50 percent at fault for her injuries. Plaintiff argues that the court erred in granting summary judgment because it was never established that she failed to look where she was walking. She asserts that questions remain as to whether she was negligent merely because she was walking backward and whether Defendant's failure to mark the curb was the proximate cause of her injury. Defendant responds that the court did not err in granting summary judgment when Plaintiff admitted that the curb was visible and that she would have seen the curb if she had been looking for it. Defendant argues that its failure to mark the curb was not the cause of her injury when she failed to look where she was walking.

A plaintiff seeking recovery under a premises liability theory cannot succeed in the absence of any of the following:

> (1) a duty of care owed by the defendant to plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause.

*Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 355 (Tenn. 2008).

In cases involving premises liability, "the premises owner has a duty to exercise reasonable care under all circumstances to prevent injury to persons lawfully on the premises." *Dobson v. State*, 23 S.W.3d 324, 330 (Tenn. Ct. App.1999) (citing *Eaton v. McLain*, 891 S.W.2d 587, 593-94 (Tenn. 1994)). For a plaintiff to prevail in such a case, he or she must prove that "the injury was a reasonably foreseeable probability and that some action within the defendant's power more probably than not would have prevented the injury." *Dobson*, 23 S.W.3d at 331. The risk of harm is foreseeable when "a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) (citations omitted). The foreseeability of harm is to be determined "as of the time of the acts or omissions claimed to be negligent" occurred. *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992). In prior cases, we have addressed the duty of care placed on a premises owner as follows:

This duty is based upon the assumption that the owner has superior knowledge of any perilous conditions that may exist on the property. *See Kendall Oil Co. v. Payne*, 293 S.W.2d 40, 42 (Tenn. Ct. App. 1955). The duty includes the obligation of the owner to maintain the premises in a reasonably safe condition, and to remove or warn against latent or hidden dangerous conditions of which the owner is aware or should be aware through the exercise of reasonable diligence. *Eaton*, 891 S.W.2d at 593-94. However, our Supreme Court has held that a duty may exist even where the injury-causing condition is alleged to be open and obvious to the plaintiff . . . the duty must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. *Coln v. City of Savannah*, 966 S.W.2d 34, 43 (Tenn. 1998). . . . Only after a duty is established does comparative fault come into play. Id. at 42.

*Green v. Roberts*, 398 S.W.3d 172, 177 (Tenn. Ct. App. 2012).

The facts in this case are strikingly similar to the facts presented in *Young*, where this court held that the defendant bank did not owe a duty to a bank patron that failed to look while walking backward before tripping backward over an unmarked curb. 2011 WL 332700, at *4. This court noted that the curb was not obstructed from normal vision and that the plaintiff was not looking where she stepped. *Id.*

In this case, Plaintiff admits that she was walking backward, that the curb was visible, and that she would have noticed it if she had been looking for it or if someone had drawn her attention to it. Plaintiff stopped short of admitting that she failed to look behind her while walking backward. The curb at issue was not a random, superfluous curb in the way of travel between grocery patrons and the trip to and from the establishment. The curb operated as a visible and physical barrier between the Food City parking lot and the Bank, namely the drive-through area of the Bank. Indeed, Plaintiff's husband noticed the curb when parking the car. With these considerations in mind, we conclude that Defendant could not have expected that a grocery patron would walk backward over the curb. Accordingly, we affirm the trial court's dismissal of the complaint because Defendant did not have a duty to warn Plaintiff of the curb and because Plaintiff's mode of travel, namely walking backward, was the cause of her injury. In so holding, we need not address the issue of comparative fault if Defendant were assumed to be at fault. *See Young*, 2011 WL 332700, at *4 ("In the absence of any reason for assigning fault to the bank, we decline to decide whether, if the bank is assumed to be at fault, the plaintiff was 50% or more at fault.").

-5-

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Elizabeth F. Holland.

_____
JOHN W. McCLARTY, JUDGE